■ In the Matter of LONG ISLAND AIRPORTS LIMOUSINE SERVICE CORPORATION, Petitioner, v FRANKLIN E. WHITE, as Commissioner of the Department of Transportation of the State of New York, et al., Respondents.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of Transportation which revoked petitioner's certificate of public convenience and necessity and also revoked its permit to operate as a contract carrier of passengers.

Petitioner, Long Island Airports Limousine Service Corporation (LIALS), is a corporation organized under the Transportation Corporation Laws of the State of New York and operating pursuant to a certificate of public convenience and necessity

issued to it by respondent Department of Transportation (DOT) in 1971 and a permit to operate as a contract carrier of passengers issued to it by DOT in 1968. LIALS operates bus routes from various points in Nassau and Suffolk Counties to Kennedy and LaGuardia Airports. In August 1984, LIALS, its president and vice-president were found guilty of two felonies and three misdemeanors. The felonies, attempted grand larceny in the second degree and offering a false instrument for filing in the first degree, related to LIALS' receipt of funds from the State-wide mass transit operating assistance program. The misdemeanors of falsifying business records in the second degree (two counts) related to the underpayment of rent to the Port Authority of New York and New Jersey for leased airport facilities. The remaining misdemeanor, criminal contempt in the second degree, related to the failure to respond to a subpoena. In October 1984, as a direct result of the verdicts of guilt, respondents commenced a proceeding pursuant to Transportation Law § 145 (2) to determine whether the certificate and permit issued to LIALS should be revoked, canceled, suspended or modified. Following a lengthy hearing during which the transcript from the trial in Suffolk County Court was admitted into evidence, the Administrative Law Judge (ALJ) recommenced revocation. In May 1985, respondents adopted the ALJ's report and ordered revocation. This CPLR article 78 proceeding ensued.

It is apparent that, in the ALJ's very words, "the primary basis for the [revocation] decision is that LIALS and its two principals were convicted of [two] felonies". However, on December 22, 1986, the Second Department reversed the convictions of LIALS and its principals on those felony counts due to the insufficiency of the evidence relating to those counts *(People v Stuart,* 125 AD2d 46). This being the case, it would not be fair to permit respondents' determination, based on those felonies, to stand *(cf.,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.11). Because the evidence before the ALJ included LIALS' now-reversed felony convictions, and because he relied heavily on those convictions in making his recommendation which was accepted by respondents, the order revoking LIALS' certificate and permit should be annulled and the matter remitted to respondents for a redetermination without consideration of the felony convictions *(see, Matter of Farmland Dairies v Barber,* 65 NY2d 51, 58).

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent here-

with. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.